**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4779**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM ERIC FRAZIER, a/k/a Eric William
Frazier, a/k/a Frank Green, a/k/a William
Henderson, a/k/a William Henson,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston. David C. Norton, District Judge.
(CR-04-62)

———————

Submitted: March 28, 2005          Decided: April 14, 2005

———————

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

A. Peter Shahid, Jr., SHAHID LAW OFFICE, LLC, Charleston, South
Carolina, for Appellant. Jonathan S. Gasser, Acting United States
Attorney, Alston C. Badger, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

William Eric Frazier appeals his conviction for possession of a firearm affecting interstate commerce, after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (2000). He asserts that the district court erred by finding an adequate factual basis for his guilty plea under Fed. R. Crim. P. 11 and by not permitting him to withdraw his plea.

Our review of the record discloses that, after filing a motion to withdraw his plea, Frazier subsequently moved to withdraw the motion, which the district court granted. Accordingly, the district court properly did not act on Frazier's motion to withdraw his plea. Frazier's Rule 11 challenge to his guilty plea thus constitutes a challenge to forfeited error, which is properly reviewed for plain error. See United States v. General, 278 F.3d 387, 394 (4th Cir. 2002); United States v. Martinez, 277 F.3d 517, 524 (4th Cir.), cert. denied, 537 U.S. 899 (2002).

Under the plain error standard, this court determines (1) whether there was error; (2) whether it was plain; (3) whether it affected Frazier's substantial rights; and (4) whether, if the first three criteria are met, this court should exercise its discretion to notice the error. Martinez, 277 F.3d at 529 (citing United States v. Olano, 507 U.S. 725, 732 (1993)).

A review of the transcript of the guilty plea hearing confirms that the district court fully complied with the requirements of Rule 11, including a determination of the factual basis for the plea under the elements of the offense charged. Thus, we find no error committed by the district court.

Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED